# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-845

James B. Criswell, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided December 4, 2006    )

*Sean A. Ravin*, of Washington, D.C., for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *William L. Puchnick*, Acting Deputy Assistant General Counsel; and *Rudrendu Sinhamahapatra*, all of Washington, D.C., for the appellee.

Before KASOLD, HAGEL, and SCHOELEN, *Judges*.

HAGEL, *Judge*, filed the opinion of the Court. KASOLD, *Judge*, filed a concurring opinion.

HAGEL, *Judge*: James B. Criswell appeals through counsel a February 12, 2003, Board of Veterans' Appeals (Board) decision in which the Board denied him an effective date prior to August 21, 1997, for the assignment of a 50% combined disability rating for his service-connected cold-injury residuals of the hands and feet. For the reasons provided in this opinion, the Court will affirm the February 2003 decision on appeal.

## I. FACTS

Mr. Criswell served on active duty in the U.S. Army from March 1944 to August 1945. Record (R.) at 17. On August 27, 1945, he submitted to a VA regional office an application for disability compensation for trenchfoot and exposure. Supplemental (Supp.) R. 1-2. Specifically,

in the box in which he was asked to list the nature of the disease or injury for which the claim was being made, he stated as follows: "Trenchfoot - 12-23-44 - exposure - swell - p[er]spire - aching discoloration." *Id.* at 1. He was granted a temporary disability rating of 50% for "trenchfoot, bilateral." R. at 51. The regional office noted that the condition was "rated as frozen feet." *Id.*

The report from a February 1947 VA examination reflects cold-weather residuals to Mr. Criswell's upper extremities. R. at 53. In March 1947, the regional office terminated the temporary rating and granted service connection for bilateral trenchfoot; the regional office assigned a 30% disability rating, effective February 25, 1947. R. at 64.

In August 1997, Mr. Criswell requested service connection "for my hand due to frostbite" and an increased disability rating for his service-connected residuals of frozen feet. R. at 144. In July 1999, he was granted service connection for cold-weather residuals for both hands and assigned a combined 30% disability rating for both hands effective from August 1997 to August 1998; he was assigned a separate 20% disability rating for each hand effective August 13, 1998. R. at 259-60. He appealed to the Board and sought an earlier effective date for his combined disability rating for his service-connected conditions.

In the decision on appeal, the Board observed that "when the veteran filed his initial claim of entitlement to service connection for bilateral trenchfoot, which VA received in August 1945, he did not include a claim requesting a determination or evidencing a belief in entitlement to benefits for cold injury residuals of the hands." R. at 12. The Board ultimately concluded that Mr. Criswell had not filed a claim "in relation to his cold[-]injury residuals of the hands until his application in August 1997." *Id.* at 13.

On appeal, referring to March 1947 medical records, Mr. Criswell argues, among other things, that he had reasonably raised a claim for cold-weather residuals for both hands in 1947, and that that claim remained pending and unadjudicated until July 1999. Appellant's Brief (Br.) at 11-17. On that basis, he asserts entitlement to an effective date in March 1947 for his service-connected cold-weather residuals for both hands. *Id.* at 16.

In response, the Secretary argues that the 1947 medical records referred to by Mr. Criswell do not reflect an intent to seek VA benefits for an injury to his hands. Secretary's Br. at 7-10. The Secretary urges the Court to affirm the Board's decision.

2

The Court subsequently granted Mr. Criswell's motion for supplemental briefing, wherein he argued that his August 1945 application "raised the issue of entitlement to service connection for all disabilities related to cold exposure." Mr. Criswell's supplemental brief largely mirrors this argument. *See* Appellant's Supp. (Br.) at 3-4.

## II. ANALYSIS

The law requires the Secretary to "give a sympathetic reading to the veteran's filings by 'determining all potential claims raised by the evidence, applying all relevant laws and regulations.'" *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004) (quoting *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001)). Nevertheless, it is well settled that an intent to apply for benefits is an essential element of any claim, whether formal or informal, and, further, the intent must be communicated in writing. *See MacPhee v. Nicholson*, 459 F.3d 1323, 1326-27 (Fed. Cir. 2006) (holding that the plain language of the regulations require a claimant to have an intent to file a claim for VA benefits); *Rodriguez v. West*, 189 F.3d 1351, 1353 (Fed. Cir. 1999) (noting that even an informal claim for benefits must be in writing); *Brannon v. West*, 12 Vet.App. 32, 35 (1998); 38 C.F.R. § 3.27 (1946) (stating that before VA can adjudicate a claim for benefits, "the claimant must submit a written document identifying the benefit and expressing some intent to seek it"); 38 C.F.R. § 3.1 (p) (2005) (defining "claim" as "a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit"). It follows logically that where there can be found no intent to apply for VA benefits, a claim for entitlement to such benefits has not been reasonably raised.

The mere existence of medical records generally cannot be construed as an informal claim; rather, there must be some intent by the claimant to apply for a benefit. *See Brannon*, 12 Vet.App. at 35 ("The mere presence of the medical evidence does not establish an intent on the part of the [appellant] to seek secondary service connection for the psychiatric condition . . . . While the Board must interpret the appellant's submissions broadly, the Board is not required to conjure up issues that were not raised by the appellant."); 38 C.F.R. § 3.155(a) (2006) ("Any communication or action, *indicating an intent* to apply for one or more benefits under the laws administered by [the Secretary] . . . "may be considered an informal claim." (emphasis added)).

3

Although there are two recognized exceptions to this general rule, those exceptions are applicable only when an underlying claim has been awarded and the medical records demonstrate that the veteran's disability has increased, or when an underlying claim has been denied and the medical records evidence new and material evidence to reopen the claim. *See* 38 C.F.R. § 3.157(b) (2005); *see also Leonard v. Principi*, 17 Vet.App. 447, 451 (2004); *Lalonde v. West*, 12 Vet.App. 377, 381 (1999). Neither of those exceptions applies in this case.

The Board found that, although Mr. Criswell's 1947 medical records reflect complaints relating to his hands, they do not demonstrate "that [he] was seeking a benefit in relation to his hands." R. at 13. That finding is not clearly erroneous. *See Butts v. Brown*, 5 Vet.App. 532, 535 (1993) (en banc) (questions of fact are reviewed under the "clearly erroneous" standard set forth in 38 U.S.C. § 7261(a)(4)). Mr. Criswell points to nothing in his 1947 medical records that, either alone or combined with his 1945 application, indicates he had an intent to apply for anything other than disability compensation for his feet. Absent such intent there can be no informal claim, and the Board's ultimate conclusion that a claim for service connection for cold-weather residuals for both hands was not filed in this case prior to August 21, 1997, is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A); *see Westberry v. West*, 12 Vet.App. 510, 513 (1999) (holding that whether an informal claim had been filed requires the application of the law to the facts of a case and is reviewed under 38 U.S.C. § 7261(a)(3)(A)).

### III. CONCLUSION

Upon consideration of the foregoing, the February 2003 decision on appeal is AFFIRMED.

KASOLD, *Judge*, concurring: Mr. Criswell additionally argues that his August 1945 application, in conjunction with his claims file, supporting documents, and testimony, constitutes a claim for service connection for cold-weather residuals, which the 1947 VA regional office (RO) failed to process, leaving it unadjudicated until the July 1999 grant. *See* App. Supp. Br. at 3-4. Although this argument is not addressed in the Court's opinion, I note that it is properly brought in a request for revision on the basis of clear and unmistakable error (CUE) and, furthermore, it should have been raised below and not for the first time on appeal. *See Deshotel v. Nicholson*, 457 F.3d

4

1258, 1261-62 (Fed. Cir. 2006) (argument that RO failed to address all claims presented is properly brought as request for revision on the basis of CUE); *Andrews v. Nicholson*, 421 F.3d 1278, 1281 (Fed. Cir. 2005) (holding that the RO's failure to address an implied claim "is properly challenged through a CUE motion"); *Jarrell v. Nicholson*, 20 Vet.App. 326, 332 (2006) (en banc) (holding that a motion for revision on the basis of CUE in final RO decision must be presented to and adjudicated by the RO in order for the Board and the Court to review the matter on the merits); *cf. Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002) (holding that this Court had no jurisdiction to review appellant's challenge to 1973 RO decision on CUE grounds that were "entirely separate and distinct claims that the Board's decision [on appeal] had not addressed").