ON MOTION
PER CURIAM.

ORDER

The parties jointly move to vacate the judgment of the United States Court of Appeals for Veterans Claims (CAVC) in Hollin v. Principi, 02-0626, 2003 WL 23008790 (Dec. 10, 2003) and remand for further proceedings.
Harris N. Hollín appealed to the CAVC, challenging an April 17, 2002 decision of the Board of Veterans’ Appeals that, inter alia, denied an effective date prior to October 27, 1998, for an award of service connection for bilateral hearing loss and denied his motion to revise an October 27, 1998 regional office (RO) decision awarding Hollín entitlement to service connec *926 tion for hearing loss because of clear and unmistakable error (CUE). Hollín argued, inter alia, that (1) the Secretary had failed to provide him 38 U.S.C. § 5103(a) notice regarding his earlier effective date claim and (2) the Board erred in determining there was no CUE in the October 1998 RO decision because it failed to consider whether he had a pending unadjudicated claim resulting from an alleged filing of an informal claim in 1953.
The CAVC affirmed the Board’s determination that no CUE existed in the October 1998 RO decision. Regarding Hollin’s earlier effective date claim, the CAVC determined that the Secretary was obligated to provide section 5103(a) notice and had failed to satisfy his obligations. Therefore, the CAVC vacated that portion of the Board’s decision and remanded for further proceedings.
Hollín and the Secretary appealed. The case was stayed at the parties’ request pending our disposition in Sanders v. Nicholson, 487 F.3d 881 (Fed.Cir.2007) and its companion case Simmons v. Nicholson, 487 F.3d 892 (Fed.Cir.2007).
The parties assert that recent cases have likely disposed of the issues raised by this case. For example, they note that our recent in Hartman v. Nicholson, 483 F.3d 1311, 1314-15 (Fed.Cir.2007), held that section 5103(a) does not apply to proceedings that take place after an RO’s initial decision.
The parties also note that the CAVC issued a decision in Criswell v. Nicholson, 20 Vet.App. 501 (2006) that might affect the issues in this case. The parties’ joint motion contends that it is in the interest of justice to vacate the CAVC’s judgment as to Hollin’s earlier effective date claim for his service connected bilateral hearing loss and his motion to revise the RO’s October 27, 1998 decision for the CAVC to consider Hartman, Sanders, and any other recent relevant cases in the first instance. We agree.
Accordingly,
IT IS ORDERED THAT:
(1) The motion is granted. The CAVC’s judgment is vacated-in-part as noted above and remanded for further proceedings consistent with this order.
(2) Each side shall bear its own cost.