Citation Nr: 1710344 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 07-37 853A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an effective date earlier than May 13, 2011, for the award of service connection for erectile dysfunction.

2. Entitlement to an effective date earlier than May 13, 2011, for the grant of special monthly compensation (SMC) based on loss of use of creative organ.


REPRESENTATION

Appellant represented by: Joseph R. Moore, Attorney


ATTORNEY FOR THE BOARD

G. Slovick, Counsel



INTRODUCTION

The Veteran served on active duty from March 1969 to December 1971.

These matters come before the Board of Veterans' Appeals ( Board) on appeal from a December 2014 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In an April 2016 remand, the Board instructed that a statement of the case be issued for the issues considered below. Thereafter, in May 2016 a statement of the case was issued and the Veteran submitted a timely substantive appeal thereafter. Thus, the mandates of the remand have been met and the appeal is ready for adjudication. Stegall v. West, 11 Vet. App. 268, 271 (1998). 


FINDINGS OF FACT

1. The current effective date of May 13, 2011 is the date the claim for service connection for erectile dysfunction was received.

2. The current effective date of May 13, 2011 is the date the claim for service connection for erectile dysfunction was received.


CONCLUSION OF LAW

1. An effective date earlier than May 13, 2011 is not warranted for the award of service connection for erectile dysfunction. 38 U.S.C.A. §§ 5101, 5110, 7105 (West 2014); 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.303, 3.400 (2016).

2. An effective date earlier than May 13, 2011 is not warranted for the award of special monthly compensation. 38 U.S.C.A. §§ 5101, 5110, 7105 (West 2014); 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.303, 3.400 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Veteran contends that an earlier effective date is warranted for the award of service connection for erectile dysfunction and SMC. Specifically, the Veteran contends that the effective date for service connection for erectile dysfunction and SMC should be earlier due to the fact that it his erectile dysfunction is secondary to his posttraumatic stress disorder. The Veteran contends that the effective date should be earlier because medical findings of erectile dysfunction are shown in the record prior to May 13, 2011, in June 2009 and that the effective date for erectile dysfunction and SMC should relate to the effective date for service-connected PTSD.

Generally, except as otherwise provided, the effective date of an evaluation and award of pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. See 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. § 3.400 (2016). 

Applicable regulations provide that a claim may be either a formal or informal written communication "requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit." See 38 C.F.R. § 3.1 (p). The Court has stated that an intent to apply for benefits is an essential element of any claim, whether formal or informal, and, further, the intent must be communicated in writing and thus, it follows logically that where there can be found no intent to apply for VA benefits, a claim for entitlement to such benefits has not been reasonably raised. Criswell v. Nicholson, 20 Vet. App. 501, 503 (2006); see MacPhee v. Nicholson, 459 F.3d 1323, 1326-27 (Fed. Cir. 2006) (holding that the plain language of the regulations requires a claimant to have intent to file a claim for VA benefits). 

Thus, a claim, whether "formal" or "informal," must be "in writing" in order to be considered a "claim" or "application" for benefits. See Rodriguez v. West, 189 F.3d 1351, 1354 (Fed. Cir. 1999). Moreover, the Court has explicitly stated that the "mere presence" of a diagnosis of a specific disorder in a VA medical report "does not establish an intent on the part of the veteran" to seek service connection for that disorder. Brannon v. West, 12 Vet. App. 32, 35 (1998); see MacPhee, 459 F.3d at 1326-27 (VA medical examination reports standing alone can constitute informal claim only with regard to claims that previously have been granted service connection); 38 C.F .R. § 3.155. Accordingly, the mere existence of medical records in a case cannot be construed as an informal claim. Id; Ellington v. Nicholson, 22 Vet. App. 141, 145-46 (2007), aff'd 541 F.3d 1364 (Fed.Cir.2008). 

A review of the claims file reveals that the Veteran is in receipt of service connection for PTSD, effective January 8, 1998. The Veteran is not shown to have made a claim for erectile dysfunction in conjunction with his PTSD claims. The claims file instead includes a May 13, 2011 report of general information in which the Veteran stated that he wished to file a claim for erectile dysfunction. 

In the December 2014 rating decision, the RO granted service connection for erectile dysfunction and an SMC in conjunction with that claim. Those were granted effective the date of the Veteran's claim for erectile dysfunction, May 13, 2011. 

The Board notes that the relevant law dictates that the effective date of awards of claims granted on a secondary basis can be no earlier than the date of the claim for compensation on a secondary basis. See Ellington v. Nicholson, 22 Vet. App. 141, 145 (2007) (finding that the effective date for a grant of service connection for diabetes and hypertension as secondary to leukemia was the date of the claim for secondary service connection, not the date of the claim of service connection for leukemia), aff'd sub nom. Ellington v. Peake, 541 F.3d 1364 (Fed. Cir. 2008); Ross v. Peake, 21 Vet. App. 528, 532-33 (2008) (holding that the effective date for a grant of secondary service connection for depression with anxiety was the date of the secondary service connection claim, not the date of the claim for service connection for the primary heart condition). Thus, because the record shows that the Veteran's claim for service connection for erectile dysfunction was received by VA on May 13, 2011, and does not show that the Veteran communicated in writing his desire to file claims for service connection for this erectile dysfunction or SMC prior to that date, an effective date of May 13, 2011, is appropriate.


ORDER

Entitlement to an effective date earlier than May 13, 2011, for the award of service connection for erectile dysfunction is denied.

Entitlement to an effective date earlier than May 13, 2011, for the grant of special monthly compensation (SMC) based on loss of use of creative organ is denied.




____________________________________________
M.H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs