Clarence E. **WOOD**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–429.

United States Court of Veterans Appeals.

Submitted Feb. 8, 1991.

Decided July 12, 1991.

Clarence E. Wood, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Joan E. Moriarty, Washington, D.C., were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellant challenges the effective date assigned by the Board of Veterans' Appeals (BVA) for the award of total disability compensation based upon unemployability. Because we find that the BVA applied the wrong legal standard in assigning the effective date for appellant's compensation we vacate the BVA decision and remand with instructions.

Appellant served in the United States Army from 1965 until 1968. He apparently began receiving disability compensation from the Army after being retired because of a back condition. *See* R. at 33. In 1981 a 40–percent rating was assigned to the veteran for residuals of lumbar spine fusions. *See* R. at 39. In May 1984 appellant underwent an operation characterized as a "Decompression of lumbar spine with spinal fusion and bilateral Caldwell–Luc." R. at 25. In connection with this operation appellant was granted a 100–percent convalescent rating, *see* 38 C.F.R. § 4.30 (1990), from May 7, 1984, until October 31, 1984. R. 33, 112. Prior to this operation appellant was fired from a position at the Philadelphia Museum of Art after he "became too disabled to maintain a normal work schedule." R. at 94. There is no evidence that appellant has ever been formally employed since that time.

When Did Appellant Initiate His Claim

One of the central issues of this case is the procedural posture of appellant's claim as of May 1987. The BVA determined that May 14, 1987, was the proper starting date to increase appellant's compensation. This conclusion was apparently based upon a determination that appellant's claim was initiated in May 1987. We find that appellant initiated his claim with the Department of Veterans Affairs (formerly Veterans' Administration (VA)) much earlier than May 1987 and that his claim was still pending at that time.

Appellant sought an increase, of his then 40–percent disability rating, from the VA in April of 1984. R. at 1. The Regional Office (RO) denied appellant's requested increase. R. at 32. The BVA subsequently remanded the case back to the RO in April of 1986. R. 75. After obtaining additional records and evidence, the RO on August 21, 1986, retroactively increased appellant's disability rating to 60 percent effective from September 1, 1984. R. 89–90. In October of 1986 appellant formally requested unemployability compensation. R. at 92. This request was denied by the RO in March of 1987. R. at 111. The March denial was confirmed on April 6, 1987. R. at 113. After appellant submitted additional medical evidence, in May 1987, the denial was confirmed again in July 1987. R. at 125.

In May 1989 appellant was awarded unemployability compensation effective retroactive to September 1988. R. at 295. Dissatisfied with this effective date, appellant filed a notice of disagreement seeking review by the BVA. R. at 301. The BVA awarded an effective date of May 14, 1987. It is that decision which we now review.

The BVA stated that: "Inasmuch as the date of receipt of private medical evidence may be accepted as an informal claim for increased benefits, May 14, 1987, is the appropriate effective date for the award...." *Clarence E. Wood,* loc. no. 014274, at 7 (BVA April 16, 1990). Al-

though its not clear, the BVA probably relied on 38 C.F.R. § 3.157(a), (b) in making this statement. Subsection (a) states in part:

Effective date ... will be the date of receipt of the claim or the date when entitlement arose, whichever is later.

Subsection (b) states in part:

Once a formal claim ... has been allowed or ... disallowed ... receipt of [medical examination reports] will be accepted as an informal claim for increased benefits or an informal claim to reopen.

We start with the premise that § 3.157(b) was intended to help a veteran avoid a procedural pitfall by directing that the mere submission of additional evidence is sufficient to initiate a claim. Subsection (b), however, is not applicable until after a claim has been "allowed" or "disallowed". Appellant initiated his claim at least as early as October 1986 and that claim was still pending, *see* 38 C.F.R. § 3.160(c) (1990), in May of 1987, when appellant submitted the additional evidence relied upon by the BVA. *See* 38 U.S.C. § 4005(d)(1) (1988); *see also* R. at 122 (expressing dissatisfaction with prior adjudication).

Rather than § 3.157, the BVA should have looked to 38 U.S.C. § 3010(b)(2) (1988), for the standard by which to determine the proper effective date of appellant's compensation. That subsection directs that:

The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date.

Appellant's October 1986 claim for unemployability compensation was an application for "increased compensation" within the meaning of § 3010(b)(2). *See also* 38 C.F.R. § 3.400(*o*)(2) (1990). Appellant was not alleging any new disability, he was merely attempting to show that his condition was more incapacitating than the level at which it was then evaluated.

#### When Did Appellant's Unemployability Become Ascertainable

On remand the BVA should determine when it was ascertainable that an increase in disability had occurred. The medical records submitted in May 1987 and found by the BVA to be significant, *see Clarence E. Wood,* loc. no. 014274, at 6 (BVA April 16, 1990), were the results of a January 1987 examination. That would seem to rather conclusively establish January 1987 as the latest date on which the extent of appellant's disability was ascertainable. There is also evidence suggesting an earlier date.

In June of 1984, approximately one month after appellants' back surgery, Dr. Schmuck reported that appellant was "totally and permanently unemployable" and would "never be able to engage in any substantial or gainful employment." R. at 11. In contrast, appellant's regular physician Dr. Cotler recommended to appellant in November 1984 and April 1985 that he seek employment. R. at 109, 110. Dr. Schmuck reexamined the veteran in July of 1986 and seems to indicate that appellant's condition was no better than it was at the time of the June 1984 examination. R. at 84–85

Title 38 U.S.C. § 3010(b)(2) would require that the BVA look to see if it was ascertainable that an increase in disability had occurred as early as October 1985—one year prior to appellant's claim for increase or such other date as would be appropriate upon proper application of the law and regulations. As early as June 1984, appellant had a pending claim for compensation and a VA examination strongly suggested that the veteran was unemployable.

While it is for the BVA to resolve the apparent conflict between doctors Schmuck and Cotler, we would note that Dr. Cotler's statements in April of 1985 could not seem to be said to conflict with an assessment made by Dr. Schmuck in July 1986.

The decision of the BVA is VACATED and the case is REMANDED for further proceedings consistent with this opinion.