# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0403

THOMAS ELLINGTON, JR., APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided July 25, 2007  )

*Sandra E. Booth*, of Columbus, Ohio, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Jason G. Wodogaza*, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and HAGEL, and LANCE, *Judges*.

LANCE, *Judge*: The appellant, veteran Thomas Ellington, Jr., through counsel, appeals a March 8, 2004, decision of the Board of Veterans' Appeals (Board). Record (R.) at 1-16. In that decision, the Board denied the appellant's claims for earlier effective dates for his secondarily service-connected diabetes mellitus and hypertension. *Id.* There are two questions presented on appeal. First, does the effective date for a secondarily service-connected disability relate back to the date that a prior claim was filed for the antecedent disability? Second, does a veteran file a claim for disability benefits by providing a list of his or her current symptoms in response to a VA medical examination questionnaire? For the reasons stated herein, the Court holds that the effective date assigned for a secondarily service-connected disability does not relate back to the filing date of a prior claim for the antecedent disability. The Court further holds that a veteran does not file a claim for disability benefits by simply providing a list of his or her current symptoms

in response to a VA medical examination questionnaire. Accordingly, the Court will affirm the Board's March 8, 2004, decision.

## I. FACTS

The appellant served on active duty in the U.S. Navy from October 1963 through September 1967. Record (R.) at 20. In October 1990, the appellant filed a claim for service connection for non-lymphocytic leukemia with the Cleveland, Ohio, VA Regional Office (RO). R. at 23-26. In June 1992 and January 1993, the RO denied this claim. R. at 126-27, 139-40. The appellant appealed. R. at 180.

On October 6, 1993, the appellant received a VA Compensation and Pension Rating Examination. R. at 202-04. As part of this examination, he completed and submitted VA Form 21-2545, Report for Medical Examination for Disability Evaluation (Form 21-2545). R. at 207. In his response to Question 17 on the Form 21-2545, "PRESENT COMPLAINT (symptoms only, not diagnosis)," the appellant provided the following information: "FATIGUE, SKIN PROBLEMS FROM CHEMOTHERAPY; EAR PROBLEMS, HIGH BLOOD PRESSURE; BORDERLINE DIABETIC." *Id.* (capitalized in original).

In February 1996, the appellant's service representative submitted a written statement in support of his appeal. R. at 337. The statement characterized the only "[i]ssue" before the Board as "[s]ervice connection for leukemia." *Id.* One month later, the appellant submitted his own written statement. R. at 367. Therein, the appellant said that "[he] d[id] not have any further comments or information to submit at this time in reference to the issue on appeal." *Id.* (capitalization omitted). In September 1996, the Board granted the appellant's claim for "[e]ntitlement to service connection for leukemia." R. at 373-74. The following month, the RO assigned an effective date of October 31, 1990, for that condition. R. at 404-06, 408-09. The appellant never appealed either of these decisions.

On September 10, 1998, the RO received a letter from the appellant's representative. R. at 417-22. This letter was characterized "as an informal claim [for] . . . [s]ervice [c]onnection for [d]iabetes [m]ellitus and hypertension," and, in that letter, the appellant's representative acknowledged "that no . . . [VA] action will be undertaken until such time as we obtain and submit evidence to constitute a formal claim." R. at 417. The RO received two more letters from the appellant's representative shortly

thereafter. R. at 419-22. In those letters, the appellant's representative asserted that the appellant's diabetes and hypertension were caused by his service-connected leukemia. R. at 419-20. The RO initially denied both of those claims. R. at 562-64, 573-75. However, in March 2002 the Board awarded the appellant secondary service connection for his diabetes and hypertension. R. at 641-50. One month later, the RO assigned each disability an effective date of September 10, 1998, the date the RO received the first letter from the appellant's representative. R. at 653-58. The appellant appealed that decision to the Board. R. at 660, 678.

In March 2004, the Board issued the decision here on appeal. R. at 1-16. The Board assigned an effective date of September 10, 1998, for both of these disabilities, i.e., the date the RO received the first letter from the appellant's representative. R. at 2. The Board further found that the appellant had not filed a claim for either of these conditions prior to the date in question. *Id.* The Board also rejected several other arguments advanced by the appellant's representative, including his assertion that a claim for service connection for a disability necessarily includes a claim for any secondarily service-connected conditions. R. at 11-16.

On September 13, 2006, the Court affirmed the Board's decision in a single-judge decision. Thereafter, the appellant filed a timely motion for single-judge or panel reconsideration. We grant the appellant's motion for panel consideration, withdraw the September 13, 2006, single-judge decision, and issue this opinion in its stead.


## II. ANALYSIS

The parties dispute whether the appellant is entitled to an earlier effective date for his secondarily service-connected diabetes and hypertension. The appellant argues for an effective date of either October 31, 1990, the date that the VA received his original claim for service-connected leukemia (R. at 23-26), or the date that his diabetes and hypertension otherwise became capable of diagnosis, whichever is later. Brief (Br.) at 15-22. In the alternative, he argues for an effective date of either October 6, 1993, the date he submitted his Form 21-2545 (R. at 207), or the date that his diabetes and hypertension otherwise became capable of diagnosis, whichever is later. Br. at 5-15. The Secretary argues that the proper

effective date for both of these disabilities is September 10, 1998, the date that the Board found the appellant had submitted his informal claims for secondary service connection for diabetes and hypertension. R. at 417.

A. The Effective Date Awarded for a Secondarily Service-Connected Disability

In general, the effective date awarded to a service-connected disability can be no earlier than the date that VA received the claim for that particular disability. Section 5110(a) of title 38, U.S. Code, provides, in relevant part:

> [T]he effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

38 U.S.C. § 5110(a); *see also* 38 C.F.R. § 3.400 (2007); *but see* 38 U.S.C. §§ 5110(b)(1) (authorizing an effective date as of the date of discharge for claims filed within one year therefrom), (2) (authorizing an effective date up to one year prior to the filing of a claim for increased compensation); 38 C.F.R. §§ 3.400(b)(ii)(B)(2), (o). The Board's determination of the effective date for a service-connected disability is a finding of fact that the Court reviews under the "clearly erroneous" standard set forth in 38 U.S.C. § 7261(a)(4). *See Evans v. West*, 12 Vet.App. 396, 401 (1999); *Hanson v. Brown*, 9 Vet.App. 29, 32 (1996). "A factual finding 'is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The appellant's first argument is that the effective date assigned for his secondarily service-connected diabetes and hypertension should relate back to the date he filed his original claim for service-connected leukemia. In support of his argument, the appellant offers a novel interpretation of two regulations, 38 C.F.R. §§ 3.310, 3.400 (2007). The first of these authorizes an award of service connection for disabilities that are "proximately due to or the result of a service-connected disease or injury" and states that "[w]hen service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition." 38 C.F.R. § 3.310(a). The second

4

provides, in relevant part, that "the effective date of an evaluation and award of . . . compensation . . . based on an original claim . . . will be the date of receipt of the claim or the date entitlement arose, whichever is the later." 38 C.F.R. § 3.400. The appellant argues that the effective date assigned for his secondarily service-connected diabetes and hypertension must relate back to his "original claim" for service-connected leukemia, 38 C.F.R. § 3.400, because the regulation awarding service connection for secondary conditions states that a "secondary condition shall be considered a part of the original condition." 38 C.F.R. § 3.310(a). The appellant's argument lacks merit.

We recently rejected an analogous interpretation of § 3.310(a) in *Roper v. Nicholson*, 20 Vet.App. 173 (2006). In that case, we considered whether the ratings assigned to secondarily service-connected disabilities were subject to 38 C.F.R. § 4.25 (2007). This regulation establishes a complex grid of combined rating tables for veterans who suffer from more than one disabling condition. 38 C.F.R. § 4.25; *Roper*, 20 Vet.App. at 174-175. The appellant in *Roper* argued that § 4.25 does not apply to a veteran who is service connected for a primary and secondary condition. 20 Vet.App. at 177. Instead, he argued that VA must simply add the disability ratings assigned for a primary and any secondary conditions because § 3.310(a) clearly states that a "secondary condition shall be considered a part of the original condition." *Id.* However, we held that § 3.310(a) "govern[s] only entitlement [to] secondary-service-connection claims[,]. . . not their disability ratings[.]" *Id.* at 180. We further held that "the plain meaning of [§ 3.310(a)] is and has always been to require VA to afford secondarily service-connected conditions the same treatment (no more or less favorable treatment) as the underlying service-connected conditions for all determinations." *Id.* at 181. We, therefore, concluded that exempting secondarily service-connected conditions from § 4.25 would contravene the core purpose of § 3.310(a)–to afford primary and secondary conditions the same treatment for all purposes, including when determining a proper disability rating. *Id.*

*Roper* is controlling here. As we held in that case, § 3.310(a) "govern[s] *only entitlement* [to] secondary-service-connection claims." 20 Vet.App. at 180 (emphasis added). The other elements of a secondary-service-connection claim, including the effective date of an award, are not included within its reach. *Id.* at 178 (citing *Collaro v. West*, 136 F.3d 1304, 1308 (Fed. Cir. 1998)). Indeed, the Secretary

did not cite the effective date statute when promulgating § 3.310(a), *see* 38 U.S.C. § 5110(a), and the words "effective date" are not even mentioned in the regulation. Second, and as important, § 3.310(a) requires direct and secondarily service-connected conditions to be afforded the same treatment for all purposes. *Roper*, 20 Vet.App. at 181. This includes the assignment of an effective date. Accordingly, we hold that, as with any other claim, the effective date assigned for a secondarily service-connected condition is governed by § 3.400. We further hold that the effective date for the appellant's secondarily service-connected conditions is based solely on the date VA received his diabetes and hypertension claims, i.e., it does not relate back to the date the appellant filed his leukemia claim.

B. An Informal Claim Based on the Submission of a VA Medical Questionnaire

The appellant further argues that he is entitled to an earlier effective date because he filed an informal claim for hypertension and diabetes when he submitted his VA Form 21-2545. We disagree. A claim for VA benefits can be either formal or informal. *Cf.* 38 C.F.R. § 3.151(a) (2007) *with* 38 C.F.R. § 3.155(a) (2007). However, the claim must be in writing; it must request "a determination of entitlement or evidenc[e] a belief in entitlement to a benefit," 38 C.F.R. § 3.1(p) (2007); and it must adequately "identify the benefit sought." 38 C.F.R. § 3.155(a); *see Rodriguez v. West*, 189 F.3d 1351 (Fed. Cir. 1999) (holding that an informal claim application must be written)*; Crawford v. Brown*, 5 Vet.App. 33, 35 (1993) (affirming Board's finding that a written request for authorization for outpatient treatment was not an informal claim for disability benefits); *Westberry v. West*, 12 Vet.App. 510, 513 (1999) (phone call from veteran's estranged widow informing the VA of the veteran's death was a request for information, not an informal claim for death pension benefits). VA is also required to "sympathetically read" a veteran's filing "in determining whether . . . an informal claim for [benefits has been made.]" *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004). In so doing, VA "must determine all potential claims raised by the evidence, applying all relevant laws and regulations, regardless of whether the claim is specifically labeled as a claim for [a particular benefit.]" *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001); *see also Szemraj v. Principi*, 357 F.3d 1370, 1376 (Fed. Cir. 2004); *Moody*, 360 F.3d at 1310. The Board's substantially factual determination of whether an informal claim has been filed is reviewed under the "clearly erroneous"

standard. *See Moody*, 360 F.3d at 1310; *Beverly v. Nicholson*, 19 Vet.App. 394, 405 (2005); *see also Hersey*, *supra*.

The Board did not commit clear error in ruling that the appellant's VA Form 21-2545 was not an informal claim. VA Form 21-2545 is designed to elicit information from a claimant for diagnostic purposes only. VA had no reason to assume–and the appellant had no reason to believe– that an application for benefits was being filed each time he answered a question on the form by providing current medical information. *See, e.g., Brannon v. West*, 12 Vet. App. 32, 34 (1998) ("[T]he Board is not required to anticipate a claim for a particular benefit where no intention to raise it was expressed." (citing *Talbert v. Brown*, 7 Vet.App. 352, 356-57 (1995))). To the contrary, the appellant was simply providing the information needed to conduct a thorough, contemporaneous medical examination, so that his service-connection claim for leukemia could be fully and fairly adjudicated. *See Green v. Derwinski*, 1 Vet.App. 121, 124 (1991) (citing *Littke v. Derwinski*, 1 Vet.App. 90, 92 (1990)). The appellant's contemporaneous statements and those of his representative–none of which mentioned a pending claim for any secondary conditions–confirm this conclusion. R. at 337 (characterizing the "[i]ssue" before the Board on appeal as "[s]ervice connection for leukemia"); *id.* at 367 (appellant's statement that "[he] d[id] not have any further comments or information to submit at this time in reference to the issue on appeal"); *see Talbert*, 7 Vet.App. at 356 ("The 'liberal reading' requirement does not require the Board to conduct an exercise in prognostication, but only requires that it consider all issues reasonably raised by the appellant's substantive appeal."). Indeed, no mention was ever made of a claim for either of the appellant's secondary conditions until September 1998, when the appellant's representative submitted "an informal claim [for] . . . [s]ervice [c]onnection for [d]iabetes [m]ellitus and hypertension" to the RO. R. at 417.

Moreover, requiring the Secretary to open an informal claim whenever a veteran provides medical information in a VA questionnaire defies common sense. VA must have some means of distinguishing between legitimate claims and ordinary medical paperwork. The basic procedural requirements imposed by § 3.155 serve this purpose. The appellant asks that we erode those requirements by holding that his VA Form 21-2545 was an informal claim. However, the appellant listed five different symptoms, conditions, and complaints in this form, only two of which, he argues, should be construed as informal

claims. The appellant does not offer any reasoned basis for making this distinction. Moreover, we can find none after reviewing his VA Form 21-2545 and the information he provided therein. *Cintron v. West*, 13 Vet.App. 251, 259 (1999) (the VA "ha[s] no obligation to read the mind[] of the veteran"). This only confirms the propriety of our conclusion. First, that requiring the Secretary to open an informal claim in these circumstances is impracticable. Second, that forcing the Secretary to do so would eviscerate the intent requirement and inundate VA with a flood of new claims, thereby delaying the adjudication of claims filed by veterans who are fully committed to their final resolution.

We do not hold that the submission of a document in connection with a VA examination could never constitute an informal claim. *See* 38 C.F.R. § 3.157(a) (opening an informal claim for increased disability benefits whenever a VA medical report of a service-connected disability is received); *see also Norris v. West*, 12 Vet.App. 413 (1999). Indeed, a veteran could file an informal claim by sufficiently manifesting an intent to apply for benefits for a particular disease or injury in a VA form or questionnaire. However, those facts are clearly not presented here. Accordingly, we hold that the Board did not clearly err in finding that the appellant did not file an informal claim prior to September 10, 1998. We further hold that Board did not clearly err in assigning the latter effective date for the appellant's secondarily service-connected diabetes and hypertension.

## III. CONCLUSION

Accordingly, the March 8, 2004, Board decision on appeal is AFFIRMED.