# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-2286

DANIEL G. ROSS,                                                      APPELLANT,

    V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS,                                       APPELLEE.

Before GREENE, *Chief Judge*, and KASOLD, HAGEL, MOORMAN,
LANCE, DAVIS, and SCHOELEN, *Judges*.

## O R D E R

*Note:  Pursuant to U.S. Vet. App R. 30(a),
this action may not be cited as precedent.*

On January 2, 2008, the Court issued a panel decision in the above-captioned appeal, affirming a June 20, 2005, Board of Veterans' Appeals (Board) decision.  *See Ross v. Peake*, __ Vet.App. __, No. 05-2286 (Jan. 2, 2008).  Prior to the issuance of *Ross,* two judges requested full-Court consideration.  *See* Court's Internal Operating Procedures ¶ V(b)(5).

Upon consideration of the foregoing, and there being no majority in favor of the request for full-Court consideration, it is

ORDERED that full-Court consideration is DENIED.

DATED: January 8, 2008                                       PER CURIAM.


KASOLD, *Judge*, dissenting: The underlying opinion in this case addresses a question of exceptional importance and is in apparent conflict with the Court's current case law.  At a minimum, it fails to address key aspects that should be discussed in any case involving statutory and regulatory interpretation and an issue of this importance.  *See Ross v. Peake*, __ Vet.App. __, No. 05-2286 (Jan. 2, 2008).

The issue of exceptional importance is whether the award of increased compensation based on a disability that is secondary to an already service-connected disability can be assigned an effective date up to one year earlier than the date of an increased compensation claim, when that claim is filed within one year following the onset of the secondary disability.  *See* 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(o) (2007).

The provisions of 38 C.F.R. § 3.310(a) (2007) provide that when "service connection is established [for a secondary condition], the secondary condition shall be considered a part of the original condition." Simple logic dictates that if the secondary condition is to be treated as part of the original claim, then it does not stand alone, and any claim for disability compensation necessarily is a claim for increased compensation arising from the original condition. Both statute and regulation provide that increased compensation may be awarded up to one year before the claim for increased compensation is filed, so long as the claim is filed within one year of the increased disability. *See* 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(o)(2). The reliance in the underlying opinion on *Ellington v. Nicholson*, __ Vet.App. __ No. 04-0403, 2007 WL 2126022, at \*4 (July 25, 2007), *appeal docketed*, No. 08-7012 (Fed. Cir. Oct. 16, 2007), is misplaced. The Court in *Ellington* simply and correctly held that the effective date of the secondary service-connection claim is not the same as the original service-connection claim. *Ellington* did not address the issue in the underlying opinion, and the *Ellington* holding and logic are simply inapposite with regard to whether the effective date for a secondary service-connected disability can be up to one year prior to the date of the claim for increased compensation based on that secondary disability.

Although not discussed in the underlying opinion, 38 C.F.R. § 3.157(a), (b)(1) (2007) states that a VA or uniformed services hospital report of examination or hospitalization may be treated as an informal claim for increased benefits, and the date of the claim will be the date of hospitalization, when (1) those records relate to a disability that is already service connected, or (2) the claim specifying the benefit is filed within one year of the examination or hospitalization. The second situation presented by this regulation for permitting an effective date up to one year earlier than the date of a claim specifically envisions a claim for increased compensation based on a disability for which service connection has not yet been granted (which is provided in the first situation noted above). Thus, under the second situation, a claim for secondary service connection, (which, by definition, is not already service connected), may be granted an effective date up to one year earlier if based on a VA or service medical examination or report when the claim is filed within one year of that report and the report is related to an already service-connected disability. This is consistent with the one-year earlier provision provided in § 3.310(a).

Moreover, the underlying opinion fails to discuss the purpose behind the one-year-earlier provisions. These provisions are based on a recognition that veterans do not always file their claim for benefits on the very day of an the onset of a disability or an increase in that disability. Thus, veterans are provided one year to file a claim after leaving service in order to obtain an effective date as of the day after separation, *see* 38 C.F.R. § 3.400(b)(2)(i)-(ii), and can get up to one year earlier than the date of a claim for increased compensation, *see* 38 C.F.R. § 3.400(o)(2), and one year earlier than the date of a claim that is resubmitted after a liberalizing change in the law, *see* 38 C.F.R. §§ 3.114(a), 3.400(p) (2007).

The underlying opinion also has no discussion of any long-standing interpretation by the Secretary of statute or regulation on the issue of an effective date up to one year earlier than the date of a claim for increased compensation based on a secondary service-connected disability, and absent such an interpretation the U.S. Supreme Court's holding in *Brown v. Gardner*, 513 U.S. 115, 117-18 (1994) – that any interpretative doubt contained in the veterans benefits statutes must be resolved

2

in the veteran's favor – would apply.  Yet, there also is no discussion of *Gardner*.

The underlying opinion attempts to distinguish *Wood v. Derwinski*, 1 Vet.App. 367, 369 (1991) (claim for increased compensation vis-a-vis a claim for "unemployment compensation"), and *Dalton v. Nicholson*, 21 Vet.App. 33, 34 (2007) (claim for increased compensation vis-a-vis a claim for total disability based on individual unemployability), by simply stating the cases, as though the distinction is obvious.  However, the similarities and logic behind the decisions in those cases argues for a holding that a claim for compensation benefits based on a disability secondary to an already service-connected disability is also an increased compensation claim, particularly given the mandate of § 3.310(a) that such a claim is to be considered part of the original service-connected condition.

Finally, the panel cites *Hazen v. Gober*, 10 Vet.App. 511, 519 (1997), for the proposition that an "increase in disability" refers to the next disability level.  Admittedly, *Hazen* is a confusing case, but two things are clear.  First, *Hazen* addresses section 5110(b)(2) in the context of an increased-rating claim made after a different, final Board decision had denied an increase and become final, such that it would take CUE to get an earlier date, and it is inapposite to the fact situation in the underlying opinion.  Second, if the *Hazen* dicta is taken as a holding and applied literally – that an "increase in disability" applies only to the next higher disability – then both *Woods* and *Dalton* are in conflict with *Hazen* and now with the underling decision.  This is so because if the increase in disability is limited to the next disability level, then that term could not include unemployability or TDIU, which generally do not provide the next higher disability rating, but rather the highest disability rating.

For the above stated reasons, I respectfully dissent from the denial of en banc consideration in the underlying *Ross* case.  *See* U.S. VET. APP. R. 35(e)(2).

3