﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/19 Archive Date: 04/29/19

DOCKET NO. 181106-852
DATE: April 30, 2019

ORDER

An effective date of March 22, 2016, for the grant of a total disability rating based on unemployability due to service-connected disabilities (TDIU), is granted.

An effective date of March 22, 2016, for the grant of Dependents’ Educational Assistance (DEA) benefits, is granted.

FINDINGS OF FACT

1. It was factually ascertainable by October 15, 2013, that the Veteran’s service-connected acquired psychiatric disorder, lumbar disc disease, and bilateral lower extremity disabilities, rendered her unemployable, and her claim of entitlement to a TDIU was received by VA on March 22, 2016, more than one year later.

2. The assigned effective date for DEA benefits is directly related to the award of a TDIU.

CONCLUSIONS OF LAW

1. The criteria for an effective date earlier of March 22, 2016, for the grant of a TDIU, are met. 38 U.S.C. § 5110(a)(b)(2); 38 C.F.R. §§ 3.340, 3.341(a), 3.400(o), 4.16(a)(b). 

2. The criteria for an effective date earlier of March 22, 2016, for the grant of DEA benefits, are met. 38 U.S.C. §§ 3501(a)(1), 5113(a); 38 C.F.R. §§ 3.807(a), 21.3021.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from April 1992 to July 2004. On May 14, 2018, the Veteran opted to have her claim of entitlement to a TDIU processed under the rapid appeals modernization program (RAMP) and requested a higher-level review. She was informed in an August 2018 letter that the review would be based on the evidence submitted to VA as of the date of her election. Following an October 2018 rating decision, a higher-level review, which granted a TDIU and DEA benefits, each effective October 2, 2018, she appealed to the Board under direct review in November 2018 the issues of entitlement to effective dates earlier than October 2, 2018, for the grants of a TDIU and DEA benefits.

Entitlement to effective dates earlier than October 2, 2018, for the grants of a TDIU and DEA benefits.

Except as otherwise provided, the effective date of an evaluation and award of pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. 

The grant of a TDIU is an award of increased disability compensation for purposes of assigning an effective date. See Rice v. Shinseki, 22 Vet. App. 447, 454 (2009), Dalton v. Nicholson, 21, Vet. App. 23, 32-34 (2007); Wood v. Derwinski, 1 Vet. App. 367, 369 (1991). The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if the application is received within one year from such date; otherwise, it is the date of receipt of the claim. 38 U.S.C. § 5110(a)(b)(2); 38 C.F.R. § 3.400(o). Thus, the effective date of an award of increased compensation may be assigned up to one year prior to the date of claim, if an ascertainable increase in disability is established during that period. See Hazan v. Gober, 10 Vet. App. 511, 519 (1992); see also Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007) (noting that “the relevant temporal focus” in an increased rating claim is on “the state of the disability from the time period one year before the claim was filed until VA makes a final decision on the claim”).

Total disability ratings for compensation may be assigned, where the schedular rating is less than 100 percent, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of one or more service-connected disabilities without regard to advancing age or nonservice-connected disability, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. See 38 C.F.R. §§ 3.340, 3.341(a), 4.16(a); Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993) (holding that the central inquiry is whether the Veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability); see also 38 C.F.R. § 4.19 (unemployability associated with advancing age or intercurrent disability may not be used as a basis for a total disability rating). The claimant’s service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue must be considered. 38 C.F.R. § 4.16 (b). 

For purposes of DEA benefits under 38 U.S.C. Chapter 35, the law relevant to the Veteran’s current claim provides that basic eligibility exists where the Veteran was discharged from service under conditions other than dishonorable and has a total disability permanent in nature as a result of a service-connected disability. 38 U.S.C. § 3501 (a)(1); 38 C.F.R. §§ 3.807 (a), 21.3021. With certain exceptions, the effective date for the grant of such award shall, to the extent feasible, correspond to effective dates for awards of disability compensation. 38 U.S.C. § 5113 (a). 

The Veteran filed a March 22, 2016, claim of entitlement to a TDIU. No party asserts that there is a claim of entitlement to a TDIU prior to March 22, 2016. She asserted that she was unemployable due to her service-connected acquired psychiatric disorder, left carpal tunnel syndrome, lumbar disc disease, and sciatica of the left lower extremity, and had last worked as a health and/or surgical technician at a VA medical facility in October 2012. In July 2016, the Veteran’s last employer reported that she last worked full-time on October 1, 2012, as a health technician and resigned.

Effective March 22, 2016, the Veteran met the schedular requirements for a TDIU, she had at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. Her acquired psychiatric disorder was rated as 50 percent disabling and her combined rating was 80 percent. 38 C.F.R. § 4.16(a)

At that time, in March 2016, already of record were the Veteran’s records related to her claim for disability benefits from the Social Security Administration, submitted to VA in October 2013. The SSA found that the Veteran was unemployable as of October 2012, due to severe impediments that included an acquired psychiatric disorder with history of opioid dependence in sustained remission, lumbar disc disease, and lumbar radiculopathy, and cited results of a private evaluation demonstrating that the Veteran should use a cane or other assistive device while engaging in standing or walking, that she would need to walk every twenty minutes, for five minutes, during a workday, that she could never climb, stoop, or pick up things that weighed ten pounds or greater, and that she experienced pain severe enough to interfere with the concentration needed to complete simple tasks. The SSA also cited results of a private evaluation demonstrating that the Veteran would be unable to meet competitive standards regarding maintaining regular attendance, being punctual within customary tolerance, completing a normal workday or workweek without interruption from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods.

Of record was report of a November 2013 Disability Benefits Questionnaire (DBQ) related to the Veteran’s acquired psychiatric disorder indicating that she stopped working full-time thirteen months prior as a health technician because she resigned due to medical problems, that she became addicted to pain medication and needed treatment. Of record was also a November 2013 DBQ related to the Veteran’s lumbar disc disease indicating that such impacted her ability to work in that she had difficulty standing or sitting for prolonged periods.

During the course of the Veteran’s claim of entitlement to a TDIU, the Department of Veterans Affairs (VA) Regional Office (RO) afforded her VA examinations of her service-connected disabilities. Of note are June 2016 DBQs wherein a VA examiner reported that the Veteran’s acquired psychiatric disorder resulted in occupational impairment with an occasional decrease in work efficiency and intermittent periods of the inability to perform occupational tasks, and a VA examiner reported that the Veteran’s lumbar disc disease impacted her ability to work in that she was unable to sit or stand for long periods of time. In July 2016, the RO obtained an addendum opinion; a VA examiner reported that, considering the Veteran’s acquired psychiatric disorder, she was capable of sedentary, flexibly-scheduled work with limited stress and responsibility and limited or minimal interaction with staff or customers.

In her October 31, 2016, Notice of Disagreement (NOD), the Veteran asserted that she was in receipt of disability benefits from the SSA based on her service-connected disabilities alone, and that she lost her last job because she had to call in sick a lot and was unable to work due to her service-connected disabilities.

Reports of October 2, 2018, DBQs indicate that a VA examiner, related to the Veteran’s bilateral lower extremities, reported that such affected her ability to stand, sit, squat, or walk any distance, even minimal, and she was at risk for tripping due to loss of sensation, and had a shuffling gait at times, and a VA examiner, related to the Veteran’s lumbar disc disease, reported that such impacted her ability to work, noting that the Veteran had been a surgical technician and was unable to lift anything more than a half-gallon of milk, was unable to bend or turn to accommodate work load, was unable to stand, sit, squat, or walk for even short distances or time, and was unable to perform sedentary work.

A VA examiner, in an October 2, 2018, DBQ, reported that the Veteran’s acquired psychiatric disorder resulted in occupational impairment with an occasional decrease in work efficiency and intermittent periods of the inability to perform occupational tasks, and also reported that the Veteran had significant difficulty functioning around other people, had difficulty functioning as a team member, and felt uncomfortable among others, that her sleep was so disrupted that she was usually fatigued at work, making concentration and focus on work assignments difficult, and that she was so depressed that she had difficulty sustaining energy and motivation to complete assignments.

Based on the results of the October 2, 2018, DBQs, the RO, in an October 2018 rating decision, granted a TDIU and DEA benefits, each effective October 2, 2018. 

In her November 2018 appeal to the Board under direct review, the Veteran asserted that the effective dates assigned to her TDIU and DEA benefits should be the date of claim, October 31, 2016, and not October 2, 2018. As discussed above, her claim of entitlement to a TDIU was received by VA on March 22, 2016, not October 31, 2016; the October 31, 2016, submission was her NOD to the July 2016 rating decision that denied entitlement to a TDIU. The assigned effective date of October 2, 2018, for DEA benefits was directly related to the award of a TDIU.

Based on the forgoing, the Board finds that the appropriate effective date for the grant of a TDIU and DEA benefits is March 22, 2016, the date of the Veteran’s claim of entitlement to a TDIU. It was ascertainable as of the October 15, 2013, favorable decision from the SSA, that the Veteran’s service-connected acquired psychiatric disorder, lumbar disc disease, and bilateral extremity disabilities, rendered her unemployable. The SSA evaluations spoke to the Veteran’s ability to participate in both active and sedentary work. SSA decisions are not binding on VA. See Collier v. Derwinski, 1 Vet. App. 413, 417 (1991) (observing that while SSA decisions are relevant, there are significant differences between SSA and VA and SSA decisions are not binding on VA). However, it is significant that the private evaluations cited by the SSA in its favorable decision mirror the findings of VA examiners in October 2018. The Board cannot explain why the VA examiners, in the June 2016 DBQs, did not find similar impairment; however, it remains that there was sufficient evidence in October 2013, considering the SSA’s findings, that the Veteran was unable to secure or follow a substantially gainful occupation as a result of her service-connected acquired psychiatric disorder, lumbar disc disease, and bilateral lower extremities disability. 38 C.F.R. § 4.16(a).

This SSA evidence was of record at the time of the Veteran’s March 22, 2016, claim of entitlement to a TDIU, as she submitted such in October 2013, in conjunction with claims of entitlement to increased ratings for service-connected disabilities which she did not appeal. However, she did not file a claim of entitlement to a TDIU within one year of the evidence, by October 2014, and as such, the effective date shall be the date of the claim, March 22, 2016. 38 U.S.C. § 5110 (a), (b)(2); 38 C.F.R. § 3.400 (o). 

The Board has considered that, as an effective date of March 22, 2016, is warranted for the grant of a TDIU, and her TDIU is in effect since that time, that special monthly compensation (SMC) is payable at the housebound rate where the Veteran has a single service-connected disability rated as 100 percent and, in addition: (1) has a service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability, and involving different anatomical segments or bodily systems, or (2) is permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C. § 1114 (s); 38 C.F.R. § 3.350 (i).

The Court has held that although a TDIU may satisfy the “rated as total” element of section 1114(s), a TDIU based on multiple underlying disabilities cannot satisfy the section 1114(s) requirement of “a service-connected disability” because that requirement must be met by a single disability. As the Veteran’s TDIU is based not only on her service-connected lumbar disc disease, but also on her acquired psychiatric disorder and bilateral lower extremity disabilities, the TDIU may not satisfy the “rated as total” element of section 1114(s) and SMC is not warranted. 38 U.S.C. § 1114 (s); 38 C.F.R. § 3.350 (i).

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Purdum

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.