﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/19/19

DOCKET NO. 181010-1850
DATE: June 20, 2019

ORDER

Entitlement to an effective date of January 26, 1978 for the award of service connection for traumatic seizure disorder (also claimed as auras) is denied.

FINDINGS OF FACT

1. The Veteran first filed a claim for service connection for a seizure disorder on January 26, 1978.

2. In an August 1978 rating decision, a Department of Veterans Affairs (VA) Regional Office (RO) denied service connection for a seizure disorder; the Veteran did not timely appeal the denial or submit additional evidence within one year.

3. In a November 1981 rating decision, the RO again denied service connection for a seizure disorder. The Veteran did not timely appeal the denial or submit additional evidence within one year.

4. On December 9, 2010, the Veteran filed an original claim for service connection for traumatic brain injury (TBI).

5. In a May 2013 rating decision, the RO granted service connection for TBI, effective December 9, 2010; service connection for a traumatic seizure disorder remained denied.

6. In a January 2016 rating decision, the RO granted service connection for traumatic seizure disorder as related to the service-connected TBI.

CONCLUSION OF LAW

The criteria for an effective date of January 26, 1978 for the award of service connection for traumatic seizure disorder have not been met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the U.S. Army from March 1966 to March 1969, to include service in Vietnam. His decorations include the Purple Heart Medal.

The original rating decision underlying the present appeal was issued in January 2016. By that decision, the VARO in Columbia, South Carolina granted service connection and a 20 percent rating for traumatic seizure disorder (also claimed as auras), effective December 9, 2010, with a 60 percent rating assigned from January 4, 2016.

In February 2016, the Veteran filed a notice of disagreement (NOD) with the effective date assigned for the award of service connection. In April 2018, he elected review in the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA)\review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Following a denial on Higher Level review in July 2018, he timely appealed to the Board of Veterans’ Appeals (Board) in October 2018, requesting direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to an effective date of January 26, 1978 for the award of service connection for traumatic seizure disorder (also claimed as auras).

The Veteran seeks to establish an effective date of January 26, 1978 for the award of service connection for traumatic seizure disorder. He points out that he initially filed a claim for a seizure disorder on that date. He believes that because it has since been established that the disorder is a result of a TBI in service, the award should date back to his original claim.

Generally, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. If a claim for disability compensation is received within one year after separation from service, the effective date of entitlement is the later of the day following separation or the date entitlement arose. 38 C.F.R. § 3.400(b)(2). Otherwise, it is the date of receipt of claim or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400.

The United States Court of Appeals for Veterans Claims (Court) has held that when a claim is reopened, the effective date cannot be earlier than the date of the claim to reopen. Juarez v. Peake, 21 Vet. App. 537, 539-40 (2008); Flash v. Brown, 8 Vet. App. 332, 340 (1995). 

The Board notes that, effective March 24, 2015, VA amended its regulations so that a claim for benefits must be made on a specific claim form prescribed by the Secretary. 78 Fed. Reg. 65490 (Oct. 31, 2013) (eff. Mar. 24, 2015). However, all of the statements of record potentially relevant to the Veteran’s earlier effective date claim were received prior to the effective date of the amendment. Therefore, the law governing what constituted a claim for VA purposes prior to the amendment is controlling in this case.

Prior to the March 24, 2015 amendment, a claim was defined as a formal or informal written communication requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit. 38 C.F.R. § 3.1(p). An informal claim was any communication or action indicating intent to apply for one or more benefits. 38 C.F.R. § 3.155(a). VA was required to look to all communications from a claimant that may be interpreted as applications or claims for benefits—formal and informal—and was required to identify and act on informal claims for benefits. Servello v. Derwinski, 3 Vet. App. 196, 198 (1992).

In this case, the Veteran filed a claim of entitlement to service connection for a TBI on December 9, 2010. In an April 2011 statement, the Veteran asserted that his seizure disorder was related to his TBI. The RO explicitly denied service connection for a seizure disorder in a May 2013 rating decision and the Veteran filed a timely NOD with that determination in August 2013.

Thereafter, a January 2016 rating decision granted service connection for traumatic seizure disorder. The RO determined that December 9, 2010 was the earliest possible effective date for the award, as the seizure disorder was an associated disability to TBI.

The Veteran filed a February 2016 NOD and asserted that he was entitled to an effective date of January 26, 1978; the day he initially filed his claim for service connection for seizure disorder.

Based on that January 1978 claim, in August 1978 the RO denied service connection for a seizure disorder. Thereafter, the Veteran filed claim to reopen entitlement to service connection for a seizure disorder in November 1981. In a November 1981 rating decision, the RO continued to deny service connection for a seizure disorder.

As the Veteran did not file an NOD with the August 1978 and November 1981 rating decisions within the one-year prescribed period, and no new and material evidence was received within the one-year period after issuance of the respective rating decisions, the RO’s decisions became final. 38 U.S.C. §§ 7104, 7105.

For awards of secondary service connection, the effective date can be no earlier than the date of the claim for service connection on a secondary basis. See Ellington v. Nicholson, 22 Vet. App. 141, 145 (2007).

After a review of the evidence, the Board has determined that an earlier effective date is not warranted. The Veteran filed his claim for TBI on December 9, 2010. Here, although the Veteran alleged prior to December 9, 2010 that his seizure disorder was related to an in-service head injury, it was not until development was completed in conjunction with his December 9, 2010 claim of service connection for a TBI that it was determined that he also experienced TBI residuals as a result of the in-service head injury and that his traumatic seizure disorder was related to those TBI residuals. Under 38 C.F.R. § 3.400, it follows that the effective date of the award of service connection for traumatic seizure disorder can be no earlier than the effective date of the underlying service-connected disability; in this case, TBI.

The Board is sympathetic to the Veteran’s situation – his seizure disorder clearly existed prior to December 9, 2010. However, the legal authority governing effective dates is clear and specific, and the Board is bound by that authority. As there is no legal basis for assignment of an earlier effective date, the appeal must be denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. Kettler, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.