﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200413-77436
DATE: March 31, 2021

ORDER

Entitlement to an effective date earlier than January 17, 2017, for the award of service connection for colon cancer with residual neuropathic pain in the hands and feet is denied.

Entitlement to an effective date earlier than January 17, 2017, for the award of service connection for digestive residual scarring is denied.

REMANDED

Entitlement to a rating in excess of 10 percent for residuals of a laparoscopic hemicolectomy, formerly rated as colon cancer with residual neuropathic pain in the hands and feet, is remanded.

Entitlement to a compensable rating for surgical scarring associated with residuals of a laparoscopic hemicolectomy is remanded.

Entitlement to a rating in excess of 10 percent for left lower extremity neuropathy associated with residuals of a laparoscopic hemicolectomy is remanded.

Entitlement to a rating in excess of 10 percent for right lower extremity neuropathy associated with residuals of a laparoscopic hemicolectomy is remanded.

Entitlement to a rating in excess of 20 percent for left upper extremity neuropathy associated with residuals of a laparoscopic hemicolectomy is remanded.

Entitlement to a rating in excess of 20 percent for right upper extremity neuropathy associated with residuals of a laparoscopic hemicolectomy is remanded.

Entitlement to a total disability based on individual unemployability due to service-connected disability (TDIU) is remanded.

FINDINGS OF FACT

1. The Veteran filed a claim for service connection for colon cancer in November 2015.

2. Service connection for colon cancer was granted as secondary to service-connected posttraumatic stress disorder, for which service connection has been in effect since January 17, 2017.

CONCLUSIONS OF LAW

1. The criteria for an effective date earlier than January 17, 2017, for the award of service connection for colon cancer with residual neuropathic pain in the hands and feet have not been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.400 (2020).

2. The criteria for an effective date earlier than January 17, 2017, for the award of service connection for digestive residual scarring have not been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.400 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the Marine Corps from May 1966 to May 1968. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal of a February 2020 rating decision issued by a regional office (hereinafter agency of original jurisdiction or AOJ) of the Department of Veterans Affairs (VA). The Veteran filed an April 2020 notice of disagreement, electing the direct review lane under the modernized review system (Appeals Modernization Act or AMA). Therefore, the Board can only consider evidence of record at the time of the February 2020 rating decision on appeal. 

The Board observes that, in the February 2020 rating decision on appeal, the AOJ awarded a single, 10 percent rating for colon cancer combined with residual neuropathic pain of the hands and feet. However, in October 2020, the AOJ found clear and unmistakable error in the assignment of this rating, and awarded separate 10 percent rating for neuropathy of the upper and lower extremities, effective the date of service connection. The Board has recharacterized the claims for increased ratings accordingly as noted on the title page.

Earlier Effective Date

1. & 2. Earlier effective date for colon cancer with residual neuropathic pain in the hands and feet and residual scarring

The effective date of an evaluation and award of compensation on an original claim for compensation will be the day following separation from active duty service or the date entitlement arose if the claim is received within 1 year after separation from service; otherwise, the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a)-(b)(1); 38 C.F.R. § 3.400(b)(2).

“Claim” is defined broadly to include a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p); Brannon v. West, 12 Vet. App. 32, 34-35 (1998); Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). Effective on March 24, 2015, VA amended its regulations as to what constitutes a claim for benefits. The amendment requires that claims be made on a standard form prescribed by the Secretary, effectively eliminating informal claims. See 79 Fed. Reg. 57660 (Sept. 25, 2014). The changes, however, are only effective for claims and appeals filed on or after March 24, 2015.

With regard to the date of entitlement, the term "date entitlement arose" is not defined in the current statute or regulation. However, the Court of Appeals for Veterans Claims has interpreted it as the date when the claimant met the requirements for the benefits sought. This is determined on a "facts found" basis. See 38 U.S.C. § 5110(a); see also McGrath v. Gober, 14 Vet. App. 28, 35 (2000). It is important to note that an effective date generally can be no earlier than the "facts found." DeLisio v. Shinseki, 25 Vet. App. 45 (2011). These "facts found" include the date the disability first manifested and the date entitlement to benefits was authorized by law and regulation. See generally 38 C.F.R. § 3.400.

Secondary service connection is granted for a "disability which is proximately due to or the result of a service-connected disease or injury." 38 C.F.R. § 3.310(a). The effective date of awards of claims granted on a secondary basis can be no earlier than the date of the claim for compensation on a secondary basis. See Ellington v. Nicholson, 22 Vet. App. 141, 145 (2007) (finding that the effective date for a grant of service connection for diabetes and hypertension as secondary to leukemia was the date of the claim for secondary service connection, not the date of the claim of service connection for leukemia), aff'd sub nom. Ellington v. Peake, 541 F.3d 1364 (Fed. Cir. 2008); Ross v. Peake, 21 Vet. App. 528, 532-33 (2008) (holding that the effective date for a grant of secondary service connection for depression with anxiety was the date of the secondary service connection claim, not the date of the claim for service connection for the primary heart condition).

In this case, the Veteran filed an intent to file in August 2015, and a VA Form 21-52EZ, Fully Developed Claim for Compensation, seeking service connection for colon cancer, received in November 2015. The AOJ denied this claim in March 2016, and the Veteran appealed this decision. In a May 2019 Board decision, the Board granted service connection for this disability. 

Upon review of the record, there is no indication of an earlier formal or informal claim for service connection for colon cancer or related residuals.

Therefore, the question remains as to when the date of entitlement arose.

A May 2019 Board decision and the February 2020 rating decision effectuating the Board’s decision reflects that the Veteran’s colon cancer was granted as secondary to the Veteran’s service-connected posttraumatic stress disorder (PTSD). 

The Board observes that the Veteran was not service-connected for PTSD until January 17, 2017. It follows then, that service connection for any disability as secondary a primary disability cannot pre-date the effective date of the award for service connection for the primary disability. Therefore, the Board finds that the date entitlement arose is the same as the effective date for the award of service connection for PTSD—January 17, 2017.

The Board has considered the Veteran’s former representative’s statement to the effect that the Veteran’s PTSD existed or years prior to the effective date of the award of service connection for that disability. However, though the disability might have been present prior to January 17, 2017, as service connection was not established prior to that date, the Board is unable to grant an earlier effective date based upon the potential earlier presence of the disability. Moreover, the effective date of the award for service connection for PTSD is not currently before the Board.

Accordingly, as the date entitlement arose is later than the date of claim received in 2015, entitlement to an effective date earlier than January 17, 2017 for colon cancer with residual neuropathic pain in the hands and feet (now rated as laparoscopic hemicolectomy and associated neuropathy of the upper and lower extremities) and the associated residual digestive scarring must be denied.

REASONS FOR REMAND

1.Entitlement to a rating in excess of 10 percent for residuals of a laparoscopic hemicolectomy is remanded.

2. Entitlement to a compensable rating for surgical scarring associated with residuals of a laparoscopic hemicolectomy is remanded.

3. Entitlement to a rating in excess of 10 percent for left lower extremity neuropathy associated with residuals of a laparoscopic hemicolectomy is remanded.

4. Entitlement to a rating in excess of 10 percent for right lower extremity neuropathy associated with residuals of a laparoscopic hemicolectomy is remanded.

5. Entitlement to a rating in excess of 20 percent for left upper extremity neuropathy associated with residuals of a laparoscopic hemicolectomy is remanded. 

6. Entitlement to a rating in excess of 20 percent for right upper extremity neuropathy associated with residuals of a laparoscopic hemicolectomy is remanded.

The February 2020 rating decision on appeal granted entitlement to service connection for colon cancer with residual neuropathic pain in the hands and feet as well as residual scarring from a laparoscopic hemicolectomy. The AOJ assigned noncompensable (zero percent) ratings for both disabilities from January 17, 2017, the date of the Veteran’s claim. In the April 2020 notice of disagreement, the Veteran’s representative observed that a January 2016 VA examination indicated the Veteran suffered from weakness, fatigue and pain after having 14 to 18 inches of his colon removed. The claimed symptoms included peripheral neuropathy of both the upper and lower extremities, which the Veteran’s representative argued were at least moderate in nature. 

The AOJ subsequently issued an October 2020 rating decision finding clear and unmistakable error in the rating decision on appeal. The October 2020 decision vacated the previous non-compensable ratings and granted the Veteran separate ratings of 10 percent for residuals of a laparoscopic hemicolectomy, 20 percent each for left and right upper extremity neuropathy, as well as 10 percent each for left and right lower extremity neuropathy, all from January 17, 2017. The ratings assigned by this decision appear to be based on several October 2020 VA examinations, which occurred over seven months after the rating decision on appeal, and thus cannot be considered by the Board under the AMA. 38 C.F.R. § 20.301. 

The only medical examination of record available to the AOJ at the time of the rating decision on appeal occurred in January 2016. The VA examiner recorded a diagnosis of “colon cancer with residual neuropathic pain in the hands and feet,” and noted only that it “causes him weakness, fatigue and neuropathic pain.” The Board finds this examination inadequate for rating purposes, as the examiner failed to detail the nerves affected or the severity of the Veteran’s neuropathic symptomatology. As the only examination of record is inadequate and the AOJ did not attempt to schedule the Veteran for an additional one before assigning a noncompensable rating for the Veteran’s colon cancer and residuals, including scarring and neuropathy, this constitutes a pre-decisional duty ot assist error under the AMA. 38 C.F.R. § 3.159; Barr v. Nicholson, 21 Vet. App. 303 (2007) (once VA undertakes to provide a medical examination or opinion, it must ensure that the examination or opinion is adequate).

7. Entitlement to a TDIU is remanded.

In the Veteran’s April 2020 notice of disagreement, his former representative argued that the residuals of his service-connected laparoscopic hemicolectomy have left him unable to find and maintain gainful employment. Although this issue was not considered in the first instance by the AOJ, a claim for a TDIU is part and parcel of an increased rating claim when such claim is expressly raised by the Veteran, as it is here. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). As the additional development regarding the nature and severity of the residuals of the laparoscopic hemicolectomy may provide information pertinent to the claim for TDIU, remand of this matter is warranted as well.

The matters are REMANDED for the following action:

1. Ensure there is an adequate VA examination of record determining the nature and severity of the residuals of his laparoscopic hemicolectomy, to include associated neuropathy of the upper and lower extremities as well as scarring. If there is not, schedule the Veteran for a new VA examination for this purpose. All evaluations, studies and tests deemed necessary should be accomplished. The examiner is instructed to discuss the impact the Veteran’s service-connected disabilities have on his ability to find and maintain employment.

 

 

G. E. Wilkerson

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. C. Schumacher, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.