﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200131-59767
DATE: January 29, 2021

ORDER

Entitlement to an earlier effective date earlier of August 25, 2015 for the grant of a total disability rating based on individual unemployability (TDIU) is granted.

FINDINGS OF FACT

1. In a September 2015 Notification Letter, the Veteran was noted to have filed an Intent to File on August 20, 2015. However, he did not file the actual TDIU claim within a year of this noted intent to file (by August 20, 2016)

2. On August 8, 2016, the Veteran submitted an Intent to File. He then filed a notice of disagreement (NOD) with the effective date for the grant of service connection for his bilateral foot disability. 

3. On August 25, 2016, the Veteran filed another Intent to File 

4. On October 3, 2016, the Veteran submitted an application for increased compensation based on unemployability. 

5. The Veteran did not appeal the initial rating assigned for his service-connected bilateral foot disability.

6. The evidence reasonably shows that the Veteran was unable to secure or follow substantially gainful employment due to his service-connected disabilities within the one-year period preceding the August 25, 2016 claim.

CONCLUSION OF LAW

The criteria for entitlement to an earlier effective date of August 25, 2015, for the grant of a TDIU have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 3.400, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from January 1973 to July 1975.

In May 2019, the Board granted entitlement to a total disability rating based on individual unemployability (TDIU). In a June 2019 rating decision, the RO implemented the Board’s grant of TDIU and assigned an effective date of August 25, 2016.

In October 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a June 2019 rating decision. In November 2019, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the initial rating decision. 

In a January 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to an earlier effective date of August 25, 2015, for the grant of a total disability rating based on individual unemployability (TDIU) is granted.

The Veteran has been awarded a TDIU effective August 25, 2016, the date VA received his intent to file. However, the Veteran seeks an effective date prior to August 25, 2016, for the award of TDIU. Specifically, the Veteran seeks an effective date of December 31, 2011, the day the Veteran retired. The Veteran’s representative contends that the Veteran’s TDIU claim was underlying an appeal that established service connection for the Veteran’s bilateral foot disability. Thus, the Veteran’s representative argues that the effective date of the TDIU grant should attach to the effective date of the bilateral foot grant. See January 2020 Statement in Support of Claim.

Regarding the assignment of effectives dates, the law provides, generally, that the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400. That is, the effective date of an award “shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” 38 U.S.C. § 5110 (a). 

An exception to 38 C.F.R. § 3.400 provides that in cases involving increases for disability compensation, the effective date will be the earliest date as of which it is factually ascertainable that an increase in disability had occurred if the claim is received within one year from such date; otherwise, the effective date will be the date of receipt of the claim. See 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2); Harper v. Brown, 10 Vet. App. 125, 126 (1997).

The United States Court of Appeals for Veterans Claims (Court) determined that a TDIU award is an award of increased disability compensation for purposes of assigning an effective date. Wood v. Derwinski, 1 Vet. App. 367, 369 (1991); see also Hurd v. West, 13 Vet. App. 449 (2000); Norris v. West, 12 Vet. App. 413, 420-21 (1999).

To briefly clarify the procedural history, on March 30, 2010, the Veteran indicated that he wanted to reopen his service connection claim for a foot disability. 

In a September 2015 Notification Letter, the RO indicated that the Veteran’s Intent to File was received on August 20, 2015. It was noted that the Veteran had one year to submit a completed application.

In a November 2015 Board decision, the Board granted service connection for a bilateral foot disability.

In a July 2016 rating decision, the RO granted service connection for a bilateral foot disability and assigned an evaluation of 50 percent, effective July 30, 2012. 

On August 8, 2016, the Veteran filed a VA Form 21-0966 (Intent to File).

On August 25, 2016, the Veteran filed a NOD with regards to the effective date of his bilateral foot disability. The Veteran indicated that the effective date for his service connection claim should date back to March 30, 2010, the date in which he filed a claim to reopen his foot disability. 

In addition, on August 25, 2016, the Veteran filed another VA Form 21-0966 (Intent to File).

On October 3, 2016, the Veteran submitted an application for increased compensation based on unemployability. 

In December 2016, the RO denied the Veteran’s TDIU claim.

In February 2017, the Veteran submitted an NOD with regards to his TDIU claim. 

In November 2017, the RO granted an earlier effective date of March 30, 2010 for the grant of service connection for a bilateral foot disability. 

In May 2019, the Board granted entitlement to a TDIU.

In a June 2019 rating decision, the RO assigned an effective date of August 25, 2016, the date in which the Veteran filed his valid VA Form 21-0966 (Intent to File), for the Veteran’s TDIU. 

With respect to the multiple Intents to File in the claims file, the Board notes that effective September 25, 2014, if a Veteran submits an intent to file application, the Veteran must submit “a complete application form prescribed by the Secretary” within one year of the submission of the intent to file application. 38 C.F.R. § 3.155 (b). Only by doing so can a Veteran preserve the effective date of the submission of the intent to file application. Id. 

The Department of Veterans Affairs (VA) will not recognize more than one intent to file concurrently for the same benefit (e.g., compensation or pension). See 38 C.F.R. § 3.155 (b)(6). If an intent to file has not been followed by a complete claim, a subsequent intent to file regarding the same benefit received within 1 year of the prior intent to file will have no effect. Id. If, however, VA receives an intent to file followed by a complete claim and later another intent to file for the same benefit is submitted within one year of the previous intent to file, VA will recognize the subsequent intent to file to establish an effective date for any award granted for the next complete claim, provided it is received within 1 year of the subsequent intent to file. Id. 

Here, as noted above, the claims file contains a Notification Letter, dated in September 2015, indicating that the Veteran’s Intent to File was received on August 20, 2015. It was noted that the Veteran had one year to submit a completed application. 

Without submitting a completed application, the Veteran then filed a second Intent to File on August 8, 2016, within one year of the previous Intent to File. According to 38 C.F.R. § 3.155 (b)(6), this “subsequent Intent to File will have no effect.” Therefore, when the original Intent to File expired on August 20, 2016, the Veteran was free to file a new Intent to File, as he did on August 25, 2016.

Thus, the Veteran submitted a valid Intent to File for a TDIU on August 25, 2016. The Veteran subsequently filed a formal claim for TDIU (due to service-connected bilateral foot, left inguinal hernia, and scar disabilities) utilizing the proper form (VA Form 21-8940) on October 3,2016, which was granted in a May 2019 Board Decision. As noted above, when a formal claim for benefits is received within one year of the submission of an intent to file for benefits, the formal claim will be considered to have been filed as of the date of receipt of the intent to file. 38 C.F.R. § 3.155(b). Thus, although the formal claim for TDIU was received on October 3, 2016, the appropriate date of claim in this case is August 25, 2016. Id.

Having determined that the appropriate date of claim is August 25, 2016, the Board must now determine whether he was unable to secure or follow substantially gainful employment within the one-year period preceding the August 25, 2016 claim. For the purposes of the effective date for the award of TDIU, the specific inquiry is whether within the one year prior to the date of claim it is factually ascertainable that there was an increase in service-connected disabilities that rendered the Veteran unemployable. See Gaston v. Shinseki, 605 F.3d 979 (Fed. Cir. 2010).

In this case, in the Veteran’s application for a TDIU (VA Form 21-8940), he indicated that he became too disabled to work in 2011, and that he had last worked full-time in December 2011. Also, in a February 2012 private medical treatment note for the Veteran’s non-service connected back condition, the Veteran indicated that he had to retire from work involving food service. Lastly, in a July 2015 VA examination for the Veteran’s feet, the examiner noted that the Veteran’s bilateral foot disability would impact his ability to perform any type of occupational task. The examiner stated that the Veteran would likely do best in a job that does not involve prolonged walking. Based on the foregoing, and resolving all reasonable doubt in favor of the Veteran, he was unable to secure or follow substantially gainful employment as of August 25, 2015, within the one-year period preceding the August 25, 2016 claim. Thus, an earlier effective date of August 25, 2015, is warranted for the award of a TDIU for accrued benefits purposes. See 38 U.S.C. § 5110 (b); 38 C.F.R. § 3.400 (o)(2).

However, with respect to the Veteran’s representative’s argument that the effective date of the TDIU grant should attach to the effective date of the bilateral foot grant, the Board cannot agree with the Veteran’s representative’s argument. 

In order for TDIU to be implied as part of an underlying claim, there must be a pending appeal from an assigned disability rating. See Rice v. Shinseki, 22 Vet. App. 447 (2009) (A total rating for compensation based on individual unemployability (TDIU) is an element of all appeals of an initial rating.)

The Veteran has not asserted, nor does the evidence show, that he appealed the initial rating assigned for his service-connected bilateral foot disability. In a July 2016 rating decision, the RO granted service connection for a bilateral foot disability, and assigned an initial rating and effective date. In order for there to have been an increased rating claim that could give rise to an inferred claim for TDIU, the Veteran would have had to disagree with the initial rating assigned in the July 2016 rating decision, which he did not. See Godfrey v. Brown, 7 Vet. App. 398, 408-10 (1995) (noting that the filing of a NOD initiates the appeal process). 

In this regard, the Board notes that the Veteran submitted an NOD in August 2016, with regards to his bilateral foot disability, however, the Veteran only indicated that he was disagreeing with the effective date of the award. As such, an inferred claim for a TDIU cannot be considered to have been raised, and remained pending. 

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M.D.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.